**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| **THOMAS HIBDON, et al.** | * | |
| **Plaintiffs,** | * | **Case No. 8:14-cv-00591-PJM** |
| **v.** | | |
| | * | |
| **SAFEGUARD PROPERTIES, LLC** | | |
| | * | |
| **Defendants.** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION

Defendants Safeguard Properties, LLC ("Safeguard"), Bank of America, N.A. ("BANA"), and CitiMortgage Inc. ("CitiMortgage") (collectively "Defendants") submit this Opposition to the Motion for Reconsideration filed by Plaintiffs Thomas Hibdon and Robert C. Burns, Jr. ("Plaintiffs"). Plaintiffs fail to meet the stringent standard associated with a motion for reconsideration, and merely repeat arguments they previously advanced. Defendants state as follows:

## PROCEDURAL BACKGROUND

On February 28, 2014, Plaintiffs initiated a putative class action Complaint alleging, among other causes of action, a claim based on Defendants' alleged violation of the Maryland Consumer Protection Act ("MCPA"), codified at Maryland Code Ann., Commercial Law Article § 13-301, *et seq.* On May 19, 2014, Defendants filed separate motions to dismiss and motions to strike Plaintiffs' class allegations. *See* Dkt. Nos. 22, 25, 26, 28. On June 18, 2014, Plaintiffs filed an *Omnibus Opposition to Defendants' Motions to Dismiss and Motions to Strike Class Allegations* (the "Omnibus Opposition"). *See* Dkt. No. 36. On November 13, 2014, this Court conducted a hearing in which the Court struck the class allegations and dismissed Plaintiffs' claims based on the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C. §

1692, *et seq.*, the Maryland Consumer Debt Collection Practices Act ("MCDCA"), codified at Maryland Code Annotated, Commercial Law §§ 14-201 *et seq.*, and the MCPA.

On December 1, 2014, Plaintiffs filed the pending Motion for Reconsideration (the "Motion"), in which Plaintiffs ask this Court to reconsider its decision dismissing Plaintiffs' MCPA claim. Plaintiffs do not seek reconsideration of this Court's decision to strike the class allegations or to dismiss their FDCPA and MCDCA claims.

## ARGUMENT

### I.   PLAINTIFFS OFFER NO NEW ARGUMENTS IN THE MOTION TO ALTER THIS COURT'S CONSTRUCTION OF THE MCPA.

Rule 54(b), states, in relevant part, as follows:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In addressing motions for reconsideration filed under Rule 54(b), "courts frequently look to [the standards applicable to a motion for reconsideration filed under Rule 59(e) and 60(b)] in considering such motions." *Cezair v. JPMorgan Chase Bank, N.A.*, 2014 WL 495535, *1 (D. Md. Sept. 30, 2014). Accordingly, earlier decisions of this Court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir.1988) (quotation marks omitted); *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). No trial has taken place, and Plaintiffs do not assert newly-decided controlling authority. Thus, Plaintiffs may only seek reconsideration based on the third ground set forth in *Sejman*. Plaintiffs are not entitled to relief on that basis.

A motion for reconsideration is rarely appropriate "[w]hen the motion [for reconsideration] raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind." *Pritchard v. Wal-Mart Stores, Inc.,* 3 Fed.Appx. 52, 53 (4th Cir. 2001) (denying motion for reconsideration) (citing *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)); *Finkelstein v. Mardkha*, 518 F.Supp.2d 609, 611 (S.D.N.Y. 2007) ("[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved."); *In re World Trade Ctr. Disaster Site Litig.*, 2008 WL 2704317, *1 (S.D.N.Y. July 10, 2008) ("A motion for reconsideration does not provide the parties with an opportunity to reargue issues that have already been decided just because a party is displeased with the original outcome.").

In their Motion, Plaintiffs only repeat the legal arguments that they asserted in the Omnibus Opposition – that Safeguard purportedly violated the MCPA in connection with the property preservation and inspection services at issue, and that those actions should be imputed to the Servicer Defendants. *Compare* Omnibus Opposition (Dkt. No. 36) at pp. 38-39 (citing *Sager v. Housing Comm'n of Anne Arundel Co.*, 2013 WL 3943497 (D. Md. July 30, 2013) and *Legg v. Castruccio*, 100 Md. App. 748 (1994)) *with* Motion (Dkt No. 68-1) at pp. 4-6 (citing *Sager* and *Legg*). After considering Plaintiffs' previous arguments concerning *Sager* and *Legg*, this Court at the November 13, 2014, motion hearing reviewed the plain language of the MCPA's enumerated "unfair and deceptive trade practices," and correctly determined that the MCPA was not intended to reach the conduct alleged in the Complaint, that is the alleged commission of a common law tort during property inspection and preservation services that were expressly authorized under Paragraphs 7 and 9 of the applicable Deeds of Trust. Plaintiffs have not presented this Court with any arguments that dictate a different conclusion than the well-reasoned decision reached by this Court on November 13, 2014. Plaintiffs' attempt to merely

restate their previous arguments is nothing more than an attempt to have this Court "reconsider a legal issue" or "change its mind," which is not the intended or an appropriate purpose of a motion for reconsideration.  *Pritchard*, 3 Fed.Appx. at 53; *Finkelstein*, 518 F.Supp.2d at 611; *In re World Trade Ctr. Disaster Site Litig.*, 2008 WL 2704317 at *1.  The Motion should be denied.

## II.     THIS COURT'S RULING WAS NOT "CLEARLY ERRONEOUS" AND WOULD NOT "WORK MANIFEST INJUSTICE" TO PLAINTIFFS AS REQUIRED UNDER FEDERAL RULE 54(B).[1]

Dismissal of Plaintiffs' MCPA claim will not work "manifest injustice" and does not satisfy the standard for reconsideration established by the Fourth Circuit, *see Sejman*, 845 F.2d at 69; *Zinkand*, 478 F.3d at 637, because the claims that survived Defendants' motions to dismiss – trespass, conversion, breach of contract, and negligence – provide adequate remedies in the event that Plaintiffs are able to prove the allegations in the Complaint.

### A.     The MPCA Does Not Convert Ordinary Torts Into MCPA Claims.

The MCPA constitutes remedial legislation intended to promote its purpose of providing a modicum of protection for the State's consumers. *Washington Home Remodelers, Inc. v. Attorney General*, 426 Md. 613, 630 (2012); Md. Code Ann., Comm. Law § 13–102(b)(2) ("The General Assembly recognizes that there are federal and State laws which offer protection in these areas, especially insofar as consumer credit practices are concerned, but it finds that existing laws are inadequate, poorly coordinated and not widely known or adequately enforced."); *Lloyd*

---

[1] Plaintiffs' MCPA claim was premised on two separate theories: (1) that Defendants' alleged MCDCA violation gave rise to a MCPA cause of action under Maryland Code, Commercial Law § 13-301(14)(iii); and (2) that Defendants' alleged conduct was otherwise actionable under the MCPA as an "unfair and deceptive trade practice" as that term is defined in Maryland Code, Commercial Law § 13-301.  As to Plaintiffs' first theory, Section 13-301(14)(iii) of the Commercial Law Article provides that the MCPA is violated upon the occurrence of a violation of the MCDCA.  However, this Court dismissed their MCDCA claims on November 13, 2014.  Plaintiffs have not moved for reconsideration of the dismissal of their MCDCA claims, and their claims for a *per se* violation of the MCPA likewise fail.  *Allen v. Bank of Am. Corp.*, 2011 WL 3654451, *9 (D. Md. Aug. 18, 2011) (dismissing MCPA claim premised on an alleged but improperly pled violation of the MCDCA).  It remains clear that Plaintiffs cannot maintain a *per se* MCPA claim under § 13-301(14)(iii).  This Court properly dismissed that claim.

*v. Gen. Motors Corp.,* 397 Md. 108, 140 (2007) (same).  Stated differently, the MCPA provides a remedy for many forms of wrongdoing not covered by traditional theories of tort liability for deceit, contract actions for breach of express and implied warranties, and certain other statutorily-proscribed conduct for which no remedy would otherwise be available to an aggrieved consumer.  *See Citaramanis v. Hallowell*, 328 Md. 142, 150 (1992).  Accordingly, Section 13-301 of the MCPA enumerates a list of 14 specific actions that are defined as "unfair and deceptive trade practices" for the purposes of the statute.  *See* Md. Code. Ann. Comm. Law § 13-301(1)-(13), (15).  The MCPA additionally specifies 26 other statutes that, if violated, also violate the MCPA.  *See* Md. Code. Ann., Comm. Law § 13-301(14)(ii)-(xxiv).  The MCPA carefully enumerates what constitutes an "unfair and deceptive trade practice."  Common law torts such as trespass, conversion, negligence, or breach of contract are conspicuously absent. The MCPA was not intended as, and should not be construed to be, a means to convert ordinary common law torts into an MCPA claim merely because the person aggrieved is a consumer.  The Court has therefore properly construed the MCPA.

### B.     The Court Properly Held That the MCPA Does Not Apply Here.

In the parties' briefing, at the hearing on November 13, 2014, and again in the Motion, the theory underlying Plaintiffs' MCPA claim remains unchanged – that Safeguard's subcontractors entered their properties pursuant to Paragraphs 7 and 9 of the Deeds of Trust for property inspection and preservation services, but removed personal property belonging to Plaintiffs while within those properties.  This Court properly held the MCPA does not reach the conduct alleged in the Complaint, particularly where Plaintiffs' rights are adequately protected through their claims in Count 4 (conversion), Count 5 (trespass), Count 6 (negligence), and Count 7 (breach of contract) of the Complaint.  Dismissal of Plaintiffs' MCPA claim was not clearly erroneous and will not create "manifest injustice" as required to warrant reconsideration.

As stated in Defendants' motions to dismiss, "[c]ommon to each practice [enumerated in the MCPA] is the notion that a deceptive statement is communicated to a consumer in the State." *Attorney General v. Dickson*, 717 F.Supp. 1090, 1101 (D. Md. 1989), *appeal dismissed*, 914 F.2d 247 (4th Cir. 1990) (discussing the scope of the MCPA); Md. Code Ann., Comm. Law § 13–102(b)(1) (finding that "consumer protection is one of the major issues which confront all levels of government, and that there has been mounting concern over the increase of *deceptive practices* in connection with the sales of merchandise, real property, and services and the extension of credit") (emphasis added).

Thus Maryland courts have held, in accordance with the language and stated purpose of the MCPA, that a private cause of action for damages under the MCPA requires a plaintiff to sufficiently allege (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon by the plaintiff, and (3) causes him actual injury.  *Farasat v. Wells Fargo Bank, N.A.*, 913 F.Supp.2d 197, 205 (D. Md. 2012); *see also, e.g.*, *Lloyd*, 397 Md. at 143 (plaintiff must demonstrate that he or she "suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation"); *Legore v. OneWest Bank, FSB*, 898 F.Supp.2d 912, 920-21 (2012) (same); *Hoffman v. Stamper*, 155 Md. App. 247, 310-11 (2004) (an MCPA claim requires a material representation, *i.e.*, that it must concern information that is important to consumers and, hence, likely to affect their choice of a product); *Bank of America, N.A. v. Jill P. Mitchell Living Trust*, 822 F.Supp.2d 505, 530-37 (D. Md. 2011) (same); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F.Supp.2d 452, 464-68 (D. Md. 2013) (dismissing MCPA claim where borrower alleged that lender instituted foreclosure action utilized missing and/or incorrect signatures on the case-initiating documents); *Klein v. State*, 52 Md. App. 640, 644 (1982) ("[U]nfair trade practices are identified as misstatements or misrepresentations, made directly to the consumer or by advertisement or telephone solicitation,

concerning the quality and availability of goods and services or the expertise and affiliation of merchants."). Plaintiffs have not alleged any misrepresentations or material omissions, reliance by Plaintiffs on those statements or omissions, or damages resulting from that reliance. Their MCPA claim was properly dismissed.

### III.   PLAINTIFFS' ARGUMENTS BASED ON *LEGG* AND *SAGER* DO NOT WARRANT RECONSIDERATION OF THEIR MCPA CLAIM.

Even assuming that Plaintiffs' claims fit the scope of the MCPA generally, those claims do not meet the definition of an unfair trade practice. In *Legg v. Castruccio*, 100 Md. App. 748 (1994), the Court of Special Appeals set forth a three-pronged definition of the injury from an unfair trade practice. According to the intermediate appellate court, the injury from an unfair trade practice must 1) cause significant harm, 2) provide no countervailing benefit to consumers or the marketplace, and 3) be one that consumers cannot reasonably avoid. *Id.* at 768. In adopting this test, the court emphasized the importance of market forces, or lack thereof, in identifying an "unfair trade practice" under the MCPA:

> [t]he guiding principle . . . is that normally we expect the marketplace to be self-correcting, and we rely on consumer choice - the ability of individual consumers to make their own private purchasing decisions without regulatory intervention - to govern the market . . . . [C]orrective action is viewed as necessary only when consumers are prevented "from effectively making their own decisions . . . ." The purpose of such action is "to halt some form of seller behavior that unreasonably creates or takes advantage of an obstacle to the free exercise of consumer decision making . . . ."

*Id.* at 769 (citations omitted). The court additionally reasoned that that "the General Assembly intended that the [MCPA] would apply only to circumstances where the free market had failed," and that "absent a market hinderance, which is not in the majority of cases, a practice is not to be considered unfair or deceptive under the [MCPA]." *Id.* at 772-73 (citation omitted).

Here, the Court ruled on the MCPA issue without discussing the *Legg* injury analysis because the *Legg* analysis was unnecessary. Indeed, nothing in *Legg* changes this Court's

conclusion that Plaintiffs failed to allege an MCPA claim.  That is because this Court's inquiry into an "unfair trade practice" focused on whether Plaintiffs adequately alleged an unfair *trade practice*.  *See, e.g.*, Transcript of Oral Argument at 96:4-11 ("I mean, can it be an unfair practice to—as a result of your arguably legitimate entry, can it be an unfair practice if property is deliberately destroyed . . . . it's wrong, but is it an unfair practice under this particular Consumer Protection Act?"); *id*. at 99:6-20 (inquiring about alleged conduct inside dwellings); *id*. at 100:16-24 (same); *id*. at 101:6-8 ("When are you unfair to a consumer, under what circumstances?").[2]  This Court presumptively acknowledged that alleged property damage was an injury.  *Id*. at 96:9.  The *Legg* test, however, speaks only to what counts as an *injury*, not what counts as a *trade practice* under the MCPA.  Because this Court already considered the alleged property damage an injury, the *Legg* injury test that Plaintiffs re-raise in their Motion for Reconsideration is irrelevant here and does not provide a basis for reconsideration.[3]  Indeed, this Court already asked the parties for authority concerning the notion that an alleged policy of entry into a dwelling, followed at some point by a tort, amounted to trade-practice conduct that the MCPA contemplated.  *Id*. at 96:12-16 ("What are the case authorities that show that anything like this constitutes an unfair practice under a consumer protection law?").  After oral argument and a full review of the parties' briefs, including the arguments reiterated in Plaintiffs' Motion

---

[2] Plaintiffs themselves illustrated the need for an inquiry beyond the alleged resulting injury when Plaintiffs' counsel stated that, "[a]nd so what we have alleged, that it's the—that the unfairness is the entire course of conduct . . . ."  Transcript of Oral Argument at 112:23-25.

[3] Further, in *Legg*, the Court of Special Appeals found no injury from an unfair trade practice, in part, because the tenant could have moved once she learned her utility bill included charges from another apartment.  *Id.* at 773; *see also Burch v. United Cable Tele. of Baltimore Ltd. P'ship*, 1997 WL 34703570 (Md. Cir. Ct. 1997), *aff'd in part, rev'd in part on other grounds*, 354 Md. 658 (1999) ("[T]he late fee does not rise to the level of deception or unfairness required by the [MCPA] to be a violation thereof" where plaintiffs' non-payment of telephone charges led to injury in the form of late fees); *Benson v. State of Maryland*, 2004 WL 5190063 (Md. Cir. Ct. 2004) (dismissing MCPA claim where agreeing to accept collect calls from prison inmates led to injury in the form of high phone bills).  Plaintiffs' allegations are

for Reconsideration, this Court distinguished the authority that Plaintiffs offered, *id.* at 106-11, and determined in its reasoned analysis, after looking at the language of the MCPA in detail, that the alleged conduct fell outside the purview of the MCPA.  *Id.* at 102:5-103:8.  Plaintiffs' reliance and re-argument of *Legg* is misplaced because nothing in *Legg* changes this Court's analysis that there was no trade practice alleged, and Count 3 was properly dismissed.

Nor can Plaintiffs rely on *Sager v. Housing Comm'n of Anne Arundel County*, 957 F.Supp.2d 627 (D. Md. 2013), because the decision in *Sager* was based on market forces not present in this case.  In *Sager*, a public housing tenant filed suit after the Commission prevailed in summary ejectment proceedings for nonpayment of rent.  The tenant alleged that a rent payment allocation provision in the lease – which required the tenant to mark each monthly rental payment as "for rent" – violated various federal states and constituted an "unfair trade practice" under the MCPA.  Magistrate Judge Gauvey found that summary eviction of a public housing tenant was "particularly severe" due to the "virtual non-existence" of alternate housing options for low income tenants.  The Commission argued that the plaintiff could have reasonably avoided the harm by earmarking her payments "for rent" in accordance with the lease, but the *Sager* decision reasoned that

> [u]nlike many areas of the economy, the marketplace for public housing units is not strongly guided by consumer choice.  Public housing tenants generally have few housing options, little mobility, and do not negotiate lease terms.  Accordingly, a tenant such as Ms. Sager may have no other option than to agree to a lease term that effectively places the burden on the tenant to ensure that her landlord abides by a commonly accepted-and legally mandated definition of rent.  Shifting such a burden to consumers under a lease term they had little choice but to accept does not create a scenario where the consumer can "reasonably" avoid harm for purposes of *Legg*.

*Id.* at 643.  Importantly, however, the Court highlighted its limited holding based on the peculiar circumstances resulting from the public housing market:

---

simply insufficient to establish an unfair trade practice under the analysis applied in *Legg*, *Burch* and *Benson*.  *See, e.g.*, Compl. ¶¶ 138-40, 143, 186.

> The Court notes in the context of a private lease, which is subject to less regulatory oversight and which is likely negotiated by parties of relatively equal bargaining power, such a term would not necessarily be violative of the MCPA.

*Id.* at 643, n.15.

In contrast to the absence of other housing options presented in *Sager*, a virtually limitless number of lenders exist with which Plaintiffs could have obtained mortgages with different terms concerning default and ensuing property inspection and/or property preservation. As *Legg* stated, "the General Assembly intended that the CPA would apply only to circumstances where the free market had failed," and that "absent a market hindrance, which is not in the majority of cases, a practice is not to be considered unfair or deceptive under the [MCPA]." *Legg*, 100 Md. App. at 772-73 (citation omitted). The market hindrances presented in *Sager* are not present in this case. Ultimately, Plaintiffs could have pursued lenders that utilize contractual provisions different from those contained in the applicable Deeds of Trust.. *Legg*, 100 Md. App. at 773; *Burch*, 1997 WL 34703570; *Benson*, 2004 WL 5190063. Plaintiffs' MCPA claims were properly dismissed.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons herein and for the reasons set forth in Defendants' Motion to Dismiss and Motion to Strike Class Allegations, Defendants respectfully request that the Court issue an Order:

1. Denying Plaintiffs' Motion for Reconsideration; and

2. Granting such other and further relief that this Court deems just and proper.

**[SIGNATURE PAGE FOLLOWS]**

Dated:  January 8, 2015                              Respectfully submitted,


___/s/  Craig R. Haughton_____              ____/s/ Helyna M. Haussler_____
Bradley R. Kutrow (Bar No. 03870)               Helyna M. Haussler (Bar No. 29799)
MCGUIREWOODS LLP                                Angela W. Russell (Bar No. 08366)
201 N. Tryon Street, Suite 3000                 WILSON, ELSER, MOSKOWITZ,
Charlotte, North Carolina 28202                 EDELMAN & DICKER LLP
(704) 343-2049                                  500 East Pratt Street, Suite 600
(704) 343-2300 (Fax)                            Baltimore, MD 21202 -3173
bkutrow@mcguirewoods.com                        Direct:  (410) 962-7386
                                                Main:  (410)539-1800
Craig R. Haughton (Bar No. 28585)               Facsimile:  (410) 962-8758
MCGUIREWOODS LLP                                Helyna.Haussler@wilsonelser.com
7 Saint Paul Street, Suite 1000                 Angela.Russell@wilsonelser.com
Baltimore, Maryland 21202                       *Attorneys for Defendant Safeguard*
(410) 659-4404                                  *Properties, LLC*
(410) 659-4472 (Fax)
chaughton@mcguirewoods.com


*Counsel for Bank of America, N.A*

                                                ____/s/Ann Marie Duffy_____
                                                 Ann Marie Duffy (D. Md. Bar No. 16634)
                                                 Mayer Brown LLP
                                                1999 K Street, N.W.
                                                Washington, D.C. 20006-1101
                                                (202) 263-3000 (Telephone)
                                                (202) 263-3300 (Facsimile)
                                                aduffy@mayerbrown.com
                                                *Attorneys for Defendant CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on January 8, 2015, copies of the foregoing Opposition to Plaintiffs' Motion for Reconsideration were sent via the CM/ECF system to the following:

> Tracy Diana Rezvani
> Rezvani Volin PC
> 1050 Connecticut Ave NW 10th Fl
> Washington, DC 20036
> *Attorneys for Plaintiffs*

> Kurt W Wolfgang
> Dean Park
> Law Office of Kurt Wolfgang Chtd
> 9375 Chesapeake St Ste 113
> La Plata, MD 20646
> *Attorneys for Plaintiffs*

> Helyna M. Haussler (Bar No. 29799)
> Angela W. Russell (Bar No. 08366)
> WILSON, ELSER, MOSKOWITZ
> EDELMAN & DICKER, LLP
> 500 East Pratt Street, Suite 600
> Baltimore, MD 21202
> *Attorneys for Defendant Safeguard Properties, LLC*

> Ann Marie Duffy
> Mayer Brown
> 1999 K St NW
> Washington, DC 20006
> *Attorneys for CitiMortgage, Inc.*

> Michelle V Dohra
> Mayer Brown LLP
> 71 S Wacker Dr
> Chicago, IL 60606
> *Attorneys for CitiMortgage, Inc.*

>        /s/  *Craig R. Haughton*
>        Craig R. Haughton